**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wendy D Sholes, | No. CV-15-00211-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Thomas Kelley, et al., | |
| Defendants. | |

This case was initially filed by Plaintiff Wendy D. Sholes ("Plaintiff") on February 6, 2015. (*See* Doc. 1). The case was, ultimately dismissed, on April 1, 2015, after Plaintiff failed to file an amended complaint. (*See* Doc. 12). Plaintiff has now filed a Motion to Seal Case. (Doc. 15). In her Motion, Plaintiff states:

> [Plaintiff is] requesting that this civil case that I filed years ago be completely sealed….This case was in regards to my daughter's death and is very personal[.]

(*Id.* at 1).

It is long established that the public has a "general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For this reason, the party seeking to file a document under seal "bears the burden of overcoming this strong presumption." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To meet this burden, the moving party must supply the court with "compelling reasons supported by factual findings." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Mere allegations of

confidentiality, "without any further elaboration or any specific linkage [to] the documents," do not satisfy this burden. *Kamakana*, 447 F.3d at 1184. Additionally, potential risk of "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal [the] records." *Id.* at 1179.

While the Court is sympathetic to Plaintiff's difficult situation, nothing in this case's brief record mentions her daughter's death. (*See* Doc. 1). Plaintiff's Complaint concerns "police misconduct" that occurred in 2003 but does not make a single reference to her daughter's death or her daughter in general. (*Id.* at 1–2). Moreover, Complaint is devoid of any personal information that might create a privacy risk for Plaintiff (*see id.*) and Plaintiff fails to articulate any other compelling reason for sealing these proceedings. Therefore, the presumption in favor of public access has not been overcome.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Seal Case (Doc. 15) is **DENIED**.

Dated this 3rd day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge